# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| Maritza Rodriguez, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>Professional Finance Company, Inc.,<br><br>                Defendant. | Case No.: 1:22-cv-01679<br><br>Magistrate Judge Scott T. Varholak |
| Carlos Martinez, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>Professional Finance Company, Inc.,<br><br>                Defendant. | Case No. 1:22-cv-01689<br><br>Magistrate Judge N. Reid Neureiter |
| Joshua Wheat, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>Professional Finance Company, Inc.,<br><br>                Defendant. | Case No. 1:22-cv-01723<br><br>Magistrate Judge N. Reid Neureiter |
| Natalie Willingham, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>Professional Finance Company, Inc.,<br><br>                Defendant. | Case No. 1:22-cv-01744<br><br>Magistrate Judge S. Kato Crews |

| | |
|---|---|
| Christopher Schroeder, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>Professional Finance Company, Inc.,<br><br>                Defendant. | Case No. 1:22-cv-01776<br><br>Magistrate Judge Nina Y. Wang |

## PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE

Plaintiffs Maritza Rodriguez, Carlos Martinez, Joshua Wheat, Natalie Willingham, and Christopher Schroeder (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully submit this Unopposed Motion for Consolidate ("the Motion") of the above-captioned related actions, as well as any subsequently filed or transferred related action, for all purposes, including pretrial proceedings and trial, pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)") and D.C.COLO.LCivR 42.1. Defendant Professional Finance Company, Inc. ("Defendant" or "PFC") does not oppose the Motion. Furthermore, Counsel for Plaintiffs have conferred with Defendant's counsel regarding this Motion and Defendant consents to its filing.[1]

Five related actions (*Rodriguez v. Professional Finance Company, Inc.*, Case No. 1:22-cv-01679; *Martinez v. Professional Finance Company, Inc.*, Case No. 1:22-cv-01689; *Wheat v. Professional Finance Company, Inc.*, Case No. 1:22-cv-01723; *Willingham v. Professional Finance Company, Inc.*, Case No. 1:22-cv-01744; *Schroeder v. Professional Finance Company, Inc.*, Case No. 1:22-cv-01776) with common questions of facts and law are currently pending

---

[1] PFC's lack of opposition to consolidation is not a waiver of any defense or rights of defense in the litigation. PFC denies all averred claims of liability, damages, injury and relief, and contests the factual allegations relating to the data security incident asserted in the respective complaints, motion to consolidate, and motion to appoint interim lead and liaison counsel.

before this Court (collectively, the "Related Actions"). The Related Actions each arise from the same operative facts surrounding a cyberattack on Defendant's computer systems in February 2022. For these reasons and the reasons set forth in the accompanying Memorandum in Support, Plaintiffs respectfully ask for this Court to grant Plaintiffs' Unopposed Motion to Consolidate and the proposed briefing scheduled contained therein. A proposed order is submitted for the Court's consideration.

<b><u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTFFS'<br>UNOPPOSED MOTION TO CONSOLIDATE</u></b>

### I. INTRODUCTION

The five Related Actions arise from the same set of operative facts involving a cyberattack on Defendant's computer systems in February 2022 ("the Cyberattack"). As discussed below, each Related Action raises the same questions of fact and law.

### II. PLAINTIFFS' COMMON FACTUAL ALLEGATIONS.

Plaintiffs in each of the Related Actions allege that their sensitive and private information was compromised in the same Cyberattack on Defendant's computer systems. *Rodriguez*, Doc. 1 ¶¶ 1, 4; *Martinez*, Doc. 1, ¶¶1, 4; *Wheat*, Doc. 1, ¶¶ 1, 6, 9; *Willingham*, Doc. 1, ¶¶ 1, 3; *Schroeder*, Doc. 1, ¶¶ 1, 2. Each of the Related Actions name the same Defendant, which is PFC with its corporate headquarters located in Greeley, Colorado. *Rodriguez*, Doc. 1 ¶¶ 2,17; *Martinez*, Doc. 1, ¶¶ 2, 17; *Wheat*, Doc. 1, ¶¶ 2, 7; *Willingham*, Doc. 1, ¶¶ 25, 31; *Schroeder*, Doc. 1, ¶¶ 2, 13. Plaintiffs are all individuals who received the same notice letter from Defendant notifying them that their Private Information was compromised in a cyberattack on Defendant's systems in February of 2022 ("Breach Letter"). *Rodriguez*, Doc. 1 ¶¶ 1, 7, 65; *Martinez*, Doc. 1, ¶¶1, 65, 67; *Wheat*, Doc. 1, ¶¶ 1, 66; *Willingham*, Doc. 1, ¶¶ 1, 117; *Schroeder*, Doc. 1, ¶¶ 9, 92. The types of sensitive information exposed involved in each of the Related Actions includes: first and last

names, addresses, accounts receivable balance and information regarding payments to your account, social security number. ("Private Information"). *Rodriguez*, Doc. 1 ¶¶ 1, 9; *Martinez*, Doc. 1, ¶¶1, 6; *Wheat*, Doc. 1, ¶¶ 1, 11; *Willingham*, Doc. 1, ¶¶ 1, 5; *Schroeder*, Doc. 1, ¶¶ 1. Furthermore, Plaintiffs commonly allege it was the same types of cybersecurity failures that created the risk and allowed the Cyberattack to occur. *Rodriguez*, Doc. 1 ¶¶ 1, 13; *Martinez*, Doc. 1, ¶¶1, 15; *Wheat*, Doc. 1, ¶¶ 1, 18; *Willingham*, Doc. 1, ¶¶ 1, 21; *Schroeder*, Doc. 1, ¶¶ 1, 24.

### III.   PLAINTIFFS' COMMON LIABILITY ALLEGATIONS

In addition, the Related Actions each advance at least one common theory of liability among various other claims, which include the following causes of action against Defendant: Negligence; Unjust Enrichment; Invasion of Privacy; Violation of Colorado's Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 *et seq.*; Violation of Arizona's Consumer Fraud Act, Ariz. Rev. Stat. § 44-1521, *et seq.*; and Violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq*.

To the extent the Court permits consolidation, Plaintiffs will work together to submit one consolidated complaint on behalf of all Plaintiffs and the putative Class.

### IV.   PLAINTIFFS SEEK COMMON REMEDIES UNDER SIMILAR CLASS DEFINTIONS.

Each of the Related Actions seek nationwide class action treatment and request the same type of remedies and compensation for the individuals impacted by the Data Breach. The remedies collectively sought include compensatory damages related to economic losses allege to be caused by the Cyberattack among other common remedies sought. *Rodriguez*, Doc. 1, ¶¶ 171, 181; *Martinez*, Doc. 1, ¶¶ 129; *Wheat*, Doc. 1, ¶¶ 117; *Willingham*, Doc. 1 ¶¶ 174; *Schroeder*, Doc. 1, ¶¶ 168. Furthermore, Plaintiff each seek to certify these damages classes with substantially similar class definitions:

4

| *Case Name* | Class Definition |
|---|---|
| *Rodriguez v. Professional Finance Company, Inc.* (Doc. 1, ¶ 81) | All United States residents whose Private Information was actually or potentially accessed or acquired during the Data Breach event that is the subject of the Notice of Data Breach that Defendant published to Plaintiff and other Class Members on or around July 1, 2022. |
| *Martinez v. Professional Finance Company, Inc.* (Doc. 1, ¶ 81) | All United States residents whose Private Information was actually or potentially accessed or acquired during the Data Breach event that is the subject of the Notice of Data Breach that Defendant published to Plaintiff and other Class Members on or around July 1, 2022. |
| *Wheat v. Professional Finance Company, Inc.* (Doc. 1, ¶ 80) | Nationwide Class: All persons PFC identified as being among those individuals impacted by the Data Breach, including all who were sent a notice of the Data Breach. |
| *Willingham v. Professional Finance Company, Inc.* (Doc. 1, ¶ 125) | All United States residents whose Private Information was actually or potentially accessed or acquired during the Data Breach event that is the subject of the Notice of Cybersecurity Incident that Defendant published to Plaintiff and other Class Members on or around July 1, 2022. |
| *Schroeder v. Professional Finance Company, Inc.* (Doc. 1, ¶ 118) | All persons residing in the United States whose Private Information was compromised as a result of the Data Breach discovered on or about February of 2022 and who were sent notice of the Data Breach. |

As such, the Related Actions present common factual and legal questions, which will involve the same and/or similar discovery. Accordingly, consolidation of this litigation under Rule 42(a) would promote efficiency in the discovery process, consistency in judicial rulings, and would likely reduce duplication, costs, and delay.

V.  **ARGUMENT**

By this motion, Plaintiffs request that the Related Actions—which involve common questions of fact and law and seek to certify materially similar classes—be consolidated:

I.  **The Related Actions should be consolidated to reduce costs and delay.**

Plaintiffs respectfully request and jointly agree that the Related Actions, as well as any future related actions, be consolidated. The power to consolidate related actions falls within the

5

broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42(a); *see also Breaux v. Am. Fam. Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) quoting 9 C. Wright & A. Miller, Fed. Practice & Procedure § 2381, at 427 (1995) ("The objective of the rule is 'to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties.'"). *see also*, *Sgaggio v. Poole*, No. 19-CV-01975-PAB-KMT, 2021 WL 3726202, at *1 (D. Colo. Aug. 23, 2021); *Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982) ("Consolidation of cases is permitted as a matter of convenience and economy, even though consolidation does not merge separate suits into one cause of action.")

Here, consolidation of the Related Actions is warranted, as the actions raise the same questions of law and arise from the same set of facts surrounding the Cyberattack. Specifically, each of the Related Actions focuses on whether Defendant is liable to its current and former employees, or their dependents, for its failure to protect their private Sensitive Information with which it was entrusted. The Related Actions present the same factual and legal questions with respect to the formation of a duty and breach of that duty; involve the same defendant; involve the same Cyberattack; and involve the same types of Private Information. Undersigned Plaintiffs' counsel in each Related Action anticipate that each Related Action would involve substantially the

6

same discovery and that consolidation would add efficiency and consistency in judicial rulings, reduce delay and cost. *See Cope v. Auto-Owners Ins. Co.*, No. 18-CV-0051-WJM-SKC, 2019 WL 120746, at *4 (D. Colo. Jan. 7, 2019) ("the Court finds that judicial efficiency is best served by consolidating these two actions. Through consolidation, the parties and the Court can avoid unnecessary duplications of time and effort in litigating two cases that share common questions of law and fact.").

Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests, duplicative motions practice, and would cause an unnecessary drain on judicial resources. And this is true despite minor variations in class definitions and state-specific causes of action in the Related Actions. As explained in *Kaplan v. 21st Century Oncology Holdings, Inc.*, where the court granted a motion to consolidate various class complaints in a Cyberattack case:

> Applying the relevant factors from *Hendrix*, the Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. As stated above, all of the cases are pled as class actions and all of the cases allege a negligence claim. The majority of the cases share other substantive claims as well.…
>
> Second, the Undersigned finds that the burden on parties, witnesses, and available judicial resources will be substantially lessened by consolidation. *Id.* On this point, the Court notes that all of the named Defendants in the thirteen related case are represented by the same counsel of record and none of the Defendants have objected to consolidation for pretrial purposes. Further, no named Plaintiffs in any of the cases have objected to consolidation for pretrial purposes. Moreover, the Undersigned finds that judicial resources will be substantially conserved by administering one consolidated case for pretrial purposes rather than proceeding with thirteen separate cases.
>
> Third, the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation.
>
> Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in thirteen separate cases.

> Accordingly, consolidation of these cases not only serves to satisfy the standards set forth in Fed. R. Civ. P. 42(a), Local Rule 1.04(c), and *Hendrix*, but also to "secure the just, speedy, and inexpensive determination" of these proceedings.

*Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 2:16-cv-210, 2016 WL 9383330, at *2-3 (M.D. Fla. July 21, 2016), *report and recommendation adopted*, No. 2:16-cv-210, 2016 WL 4204781 (M.D. Fla. Aug. 10, 2016). Colorado federal courts have previously consolidated cases where several complaints are filed relating to the same data breach. *See generally Beasley v. TTEC Servs. Corp.*, No. 22-CV-00097-PAB-NYW, 2022 WL 1719654, at *1 (D. Colo. May 27, 2022).

Defendant will suffer no prejudice by litigating one consolidated action rather than two—or more—separate suits, and as a result, Defendant does not oppose consolidation of the Related Actions. Consolidation of the Related Actions would therefore inure to the benefit of all parties involved.

## II. Proposed Scheduling Order

For efficiency purposes, the Parties have conferred, and Plaintiffs propose the following schedule for upcoming briefing,

1. Plaintiffs shall file a consolidated amended complaint within thirty (30) days from the Court's approval of the Unopposed Motion to Consolidate; and,

2. Defendant shall have 30 days from filing of the consolidated amended complaint to file an Answer or Motion to Dismiss, Plaintiffs shall have 30 days thereafter to file their opposition to a Motion to Dismiss, and Defendant shall have 21 days thereafter to file a reply in support.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Related Actions be consolidated for all purposes.

Dated: July 21, 2022                    Respectfully submitted,

*/s/ Bryan L. Bleichner*
**CHESTNUT CAMBRONNE PA**
Bryan L. Bleichner
Philip J. Krzeski
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Phone: (612) 339-7300
*bbleichner@chesnutcambronne.com*
*pkrzeski@chestnutcambronne.com*

**MARKOVITS, STOCK & DEMARCO, LLC**
Terence R. Coates
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Phone: (513) 651-3700
Fax: (513) 665-0219
*tcoates@msdlegal.com*

**THE LYON FIRM**
Joseph M. Lyon
2754 Erie Avenue
Cincinnati, OH 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
*jlyon@thelyonfirm.com*

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
Jean S. Martin (admission forthcoming)
Francesca Kester (admission forthcoming)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
*jeanmartin@forthepeople.com*

**MIGLIACCIO & RATHOD, LLP**
Jason S. Rathod
Nicholas A. Migliaccio
Tyler Bean (admission forthcoming)
Kevin Leddy (admission forthcoming)
412 H Street, NE, Suite 302
Washington, DC 20002
Phone: (202) 470-3520

9

Fax: (202) 800-2730
*jrathod@classlawdc.com*

Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
221 West Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (847) 208-4585
*gklinger@milberg.com*

*Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

I certify that on July 21, 2022, I electronically filed the foregoing Plaintiffs' Unopposed Motion to Consolidate using the Court's CM/ECF system.

*/s/ Bryan L. Bleichner*

10