# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01679-RMR-STV

MARITZA RODRIGUEZ, et al.,
on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

PROFESSIONAL FINANCE COMPANY, INC.,

    Defendant.

## PLAINTIFFS' RESPONSE TO OBJECTION OF ANTONIO MORIN

Plaintiffs, by and through their undersigned counsel, respectfully submit this Response to the Objection of Antonio Morin to the class action settlement in this matter, filed by Plaintiffs (ECF No. 66). For the reasons set forth below, the objection should be overruled in its entirety.[1]

## I.    INTRODUCTION

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 64), which demonstrates that the $2,500,000 non-reversionary Settlement provides substantial benefits to approximately 2,000,000 Class Members impacted by the February 2022 Data Incident. The Court should reject Mr. Morin's sole objection, as it raises issues outside the scope of this Settlement and fails to present valid grounds for rejecting the Settlement.

---

[1] The Court should note that Mr. Morin submitted his objection to the Settlement Administrator and the Parties after the deadline, and that despite his representation to them, it has only now been filed with the Court by Plaintiffs. However, as Mr. Morin alleges he did not receive notice until after the deadline expired, Plaintiffs do not emphasize this point. The claim period for this case is open until April 25, 2025, meaning that Mr. Morin still has the opportunity to submit a claim for Settlement benefits to the extent he wishes to do so. Plaintiffs will email a copy of this response to Mr. Morin.

## II. MR. MORIN'S OBJECTION SHOULD BE OVERRULED

### A. Objector's Complaints About Debt Collection Proceedings Were Previously Adjudicated And Resolved Elsewhere

Mr. Morin's objection primarily focuses on issues relating to a separate debt collection proceeding that PFC, a debt collection company, brought against him, including allegations about improper service while under COVID-19 isolation and claims about an allegedly improper witness who provided testimony regarding his insurance provider. These matters are entirely unrelated to the Data Incident that is the subject of this Settlement and were fully adjudicated in that prior proceeding. *Cf. Hofstetter v. Chas Home Finance, LLC*, No. C 10-01313, 2011 WL 13153236, at *1 (N.D. Cal. Nov. 14, 2011) (overruling class member's objection because "his proof-of-coverage issue was not relevant to this action"); *Garries v. Milusnic*, No. 2:2-cv-4450, 2022 WL 17546590, at *7 (C.D. Cal. Dec. 11, 2022) (overruling class action objection because "issues are outside of the scope of this lawsuit and are irrelevant in determining whether the settlement is fair, adequate, and reasonable."). The Court should reject these arguments as they have no bearing on the fairness, adequacy, or reasonableness of the class action settlement currently before the Court.

### B. PFC's PPP Loan Is Irrelevant to the February 2022 Data Incident

Mr. Morin's objection references PFC's receipt of a Paycheck Protection Program ("PPP") loan approved on April 8, 2020, and forgiven on February 9, 2021. This information is entirely irrelevant to the Court's evaluation of the fairness, reasonableness, and adequacy of the Settlement. The PPP loan was part of a federal COVID-19 economic relief program that predated the February 2022 Data Incident by approximately one year and has no connection whatsoever to PFC's liability arising from the Data Incident or the terms of the proposed Settlement. *Hofstetter*, 2011 WL 13153236, at *1; *Garries*, 2022 WL 17546590, at *7.

### C. Objector's Claim that the Settlement Relief Is Inadequate Fails

#### 1. The Objection Fails to Include Any Specific Evidence About How the Settlement Is Inadequate

Mr. Morin generally asserts that the Settlement offers "limited identity protection services and modest compensation" that "do not address the deeper impact on individuals" but provides no specific evidence to support this claim. Courts routinely reject such unsupported objections. In *Ryder v. Wells Fargo Bank, N.A.*, the court overruled an objection that individual payments were too low because the objector had the ability to opt out of the settlement and "provided no evidence to support a higher payment." No. 1:19-cv-638, 2022 WL 223570, at *2 (S.D. Ohio Jan. 25, 2022). Similarly, in *Rosado v. Ebay Inc.*, the court noted that "[i]f the objector believes he has suffered damages that are significantly higher than the typical class member, he should opt out of the class and separately pursue his claims against" the defendant. No. 5:12-cv-4005, 2016 WL 3401987, at *9 (N.D. Cal. June 21, 2016). The court in *Nunez v. BAE Sys. San Diego Ship Repair Inc.* likewise found an objection unpersuasive because "the class member was free to opt out if he or she believed that the settlement amount was too low." 292 F. Supp. 3d 1018, 1042 (S.D. Cal. 2017).

Mr. Morin had the opportunity to exclude himself from the Settlement if he believed his damages exceeded what was available under the Settlement. His failure to seek exclusion from the Settlement, coupled with his failure to provide any specific evidence regarding the alleged inadequacy of the Settlement, renders his objection meritless.

#### 2. The $2.5 Million Non-Reversionary Common Fund Is Adequate

The $2.5 million non-reversionary common fund is adequate and represents a substantial recovery for the Class. As courts have consistently recognized, settlements are by their nature compromises. In *Abadilla v. Precigen, Inc.*, the court overruled an objection that the settlement amount was too low, noting that "a settlement generally requires a level of compromise under

3

which litigants receive a certain recovery less than the full amount of their losses." No. 20-cv-6936, 2023 WL 7305053, at *13 (N.D. Cal. Nov. 6, 2023). Similarly, in *Free Range Content, Inc. v. Google, LLC*, the court observed that "every litigant hopes to recover the full amount of his losses, . . . the very nature of a settlement is that the parties must compromise and accept less than a full recovery, in exchange for no longer facing the risk of losing on the merits and losing any chance of recovery." No. 14-cv-2329, 2019 WL 1299504, at *8 (N.D. Cal. Mar. 21, 2019). And in *In re FedEx Ground Package Sys., Inc., Emp. Pracs. Litig.*, the court noted that an objector claiming a settlement is too low "might be right, but that's the nature of settlements: if a settlement had to produce full compensation for everything a plaintiff lost, no defendant would settle. A settlement is, by its nature, a compromise." No. 3:05-MD-527, 2017 WL 1735578, at *3 (N.D. Ind. Apr. 28, 2017). Furthermore, this Settlement was reached after a long period of settlement negotiations where Plaintiffs were able to preserve the $2 million of insurance coverage Defendant had available and have Defendant commit to paying $500,000 in addition to insurance despite Defendant having limited financial means.

3. **Objector's Claimed Financial Harm Stems from a Separate Legal Proceeding**

To the extent Mr. Morin claims financial harm, such harm appears to result from the garnishment ordered in the separate debt collection matter, not from the Data Incident that is the subject of this Settlement. Any alleged financial harm from that proceeding is not relevant to the Settlement before this Court, and Mr. Morin has provided no evidence of financial harm actually tethered to the Data Incident.

4. **Mr. Morin's Call for "More Accountability" Is Addressed Through PFC's Comprehensive Cybersecurity Enhancements**

As represented by PFC's counsel at the Final Approval Hearing, PFC has implemented substantial cybersecurity enhancements in response to the Data Incident. These include, *inter alia*,

engaging industry-leading cyber security partners Crowdstrike and Arctic Wolf, adding two dedicated cybersecurity personnel to their IT team, implementing autonomous cyber AI to identify and respond to malicious activity, implementing Zero Trust security protocols, and enhancing their security awareness training. PFC has demonstrated it has implemented comprehensive measures and enhancements to prevent future incidents.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court overrule Mr. Morin's objection in its entirety and grant final approval of the class action settlement. A proposed Final Approval Order taking account of the objection is filed herewith for the Court's consideration.

Dated: April 22, 2025                                            Respectfully submitted,

/s/ Terence R. Coates
Terence R. Coates
Dylan J. Gould
**MARKOVITS, STOCK & DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, Ohio 45202
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
*tcoates@msdlegal.com*
*dgould@msdlegal.com*

Joseph M. Lyon
**THE LYON FIRM, ALC**
2754 Erie Avenue
Cincinnati, OH 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
*jlyon@thelyonfirm.com*

Jean S. Martin
Francesca Kester Burne
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor

5

        Tampa, Florida 33602
        (813) 223-5505
        jeanmartin@ForThePeople.com
        fburne@ForThePeople.com

        *Class Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2025, I served the foregoing document in accordance with Fed. R. Civ. P. 5(b)(2)(E) upon all parties through their counsel of record by causing it to be filed with the the Court's electronic-filing system and upon Objector Morin by electronic mail to the address from which he served his Objection.

        */s/ Terence R. Coates*
        Terence R. Coates