UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01679-RMR-STV

MARITZA RODRIGUEZ, et al.,
on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

PROFESSIONAL FINANCE COMPANY, INC.,

    Defendant.

---

**[AMENDED PROPOSED]
ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

---

This matter comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 56) and Plaintiffs' Unopposed Motion for Attorneys' Fees, Expenses, Costs, and Service Awards (ECF No. 61) (collectively, the "Motions"). The Court has reviewed the Motions, and the Settlement Agreement and Release (ECF No. 56-2) ("Settlement Agreement") entered into between Maritza Rodriguez, Jerry Blake, Natalie Willingham, Christopher Schroeder, Ryan McGarrigle, and Marko Skrabo ("Plaintiffs") and Defendant Professional Finance Company, Inc. ("Defendant"), and it finds that the Motions should be **GRANTED.** Therefore, it is **ORDERED:**

    1.    The Court, for the purpose of this Final Judgment, adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.

    2.    The Court finds that the Settlement Agreement is fair, reasonable, and adequate, as expressed further herein. The Court also finds the Settlement Agreement was entered into in good

1

faith, at arm's length, and without collusion. The Court approves and directs consummation of the Settlement Agreement.

3. The Court approves the Release provided in the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties.

4. The Court has and reserves jurisdiction over the Settlement and this Settlement Agreement, and for purposes of the Settlement and Settlement Agreement, the Court has and reserves jurisdiction over the Parties to the Settlement.

5. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

6. The Court dismisses with prejudice all claims of the Participating Class Members against Defendant Professional Finance Company, Inc. in the Litigation, without costs and fees except as explicitly provided for in the Settlement Agreement.

7. The Court grants final approval of the appointment of Terence R. Coates of Markovits, Stock & DeMarco, LLC, Jean S. Martin of Morgan & Morgan, and Joseph M. Lyon of The Lyon Firm as Class Counsel.

8. The Court grants Plaintiffs' Motion for Attorneys' Fees, Expenses, Costs, and Service Awards (ECF No. 61). The Court awards Class Counsel $750,000.00 in attorneys' fees and $10,390.03 for the reimbursement of litigation costs and expenses, to be paid according to the terms of the Settlement Agreement. These amounts of fees and reimbursement of expenses are fair and reasonable.

9. The Court grants final approval of the appointment of Maritza Rodriguez, Jerry Blake, Natalie Willingham, Christopher Schroeder, Ryan McGarrigle, and Marko Skrabo as Class Representatives.

10. The Court awards each Class Representative a service award of $3,500 for their service to the Class.

11. On October 15, 2024, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (ECF No. 59) ("Preliminary Approval Order") that preliminarily approved the Settlement Agreement. The Court later set April 17, 2025, as the Final Approval Hearing to consider the final approval of the Settlement Agreement and Class Counsel's Motion for Attorneys' Fees, Expenses, Costs, and Service Awards.

12. The Court's Preliminary Approval Order approved the Short Form Settlement Notice, Long Form Notice, Claim Form, and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and was the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice.

13. The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement, and that the Notice to Class Members complied with Fed. R. Civ. P. 23 and due process. The fact that the Notices reached 93.1% of the Class indicates that the Notice program was successful and consistent with Fed. R. Civ. P. 23 and due process.

14. The Court finds Defendant Professional Finance Company, Inc. has complied with the requirements of 28 U.S.C. § 1715 regarding the CAFA Notice.

15. The Court certifies the following Class for settlement purposes under Fed. R. Civ. P. 23(a) and 23(b)(3), subject to the Class exclusions set forth in the Settlement Agreement:

> **The Settlement Class:** All persons whose personally identifiable information was identified as included in the Data Incident and to whom notice of the Data Incident was sent.

Excluded from the Class is PFC and the affiliates, successors, heirs, and assigns of PFC. Excluded also from the Class are members of the judiciary to whom this case is assigned, their families and members of their staff.

16. The Court finds that the Class defined above satisfies the Requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes in that (a) the Class of approximately 2,000,000 individuals is so numerous that joinder of all Class Members would be impracticable; (b) there are issues of law and fact that are common to the Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Class, as the Class Representatives have no interests antagonistic to or in conflict with the Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Class; (e) questions of law or fact common to Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and effective resolution of this controversy.

17. This Court, having considered the negotiation of, the terms of, and all of the materials submitted concerning the Settlement Agreement; having considered Plaintiffs' and the Class's likelihood of success both of maintaining this action as a class action and of prevailing on the claims at trial, including the possibility that Defendant Professional Finance Company, Inc. could prevail on one or more of its defenses; having considered the range of Plaintiffs' possible recovery (and that of the Class) and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

4

      a. The terms of the Settlement Agreement were fairly and honestly negotiated;

      b. The outcome of the Litigation was in doubt when the Settlement was reached making the compromise under this Settlement reasonable under the circumstances;

      c. The value of immediate recovery by way of a $2,500,000 settlement fund outweighs the possibility of future relief that could occur, if at all, only after further protracted litigation and appeals; and,

      d. The Parties have in good faith determined the Settlement Agreement is in their respective best interests, including both Plaintiff and Class Counsel determining that it is in the best interest of the Class Members.

18. Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Class Members. Class Members who did not opt-out of the Settlement are bound by this Final Approval Order and Judgment. The Settlement Agreement and its terms shall have *res judicata*, collateral estoppel, and other preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

19. There were no requests to opt-out of the Settlement and one objection from Mr. Antonio Morin that was emailed to the Parties on April 15, 2024. ECF No.66. Mr. Morin's objection complains that he has suffered financial loss resulting from a wage garnishment action that Defendant, a debt collection company, prosecuted against him for a debt that is unrelated to the Data Breach and, according to Mr. Morin, was fully adjudicated before another court in a separate and previous collections proceeding. Mr. Morin also references Defendant's previous receipt of Paycheck Protection Program ("PPP") funds. The Court finds that Mr. Morin's previous wage garnishment action that was adjudicated before a different court and his complaints about

5

Defendant's PPP receipt are irrelevant to the Data Incident. *See Hofstetter v. Chas Home Finance, LLC*, No. C 10-01313, 2011 WL 13153236, at *1 (N.D. Cal. Nov. 14, 2011) (overruling class member's objection because "his proof-of-coverage issue was not relevant to this action"); *Garries v. Milusnic*, No. 2:2-cv-4450, 2022 WL 17546590, at *7 (C.D. Cal. Dec. 11, 2022) (overruling class action objection because "issues are outside of the scope of this lawsuit and are irrelevant in determining whether the settlement is fair, adequate, and reasonable."). Accordingly, Mr. Morin's objections regarding the wage garnishment proceeding and any PPE loans are overruled.

20.     The only portion of Mr. Morin's objection that relates to this Settlement is his complaint that the Settlement relief is inadequate. ECF No. 66-1, at 3 ("I believe additional accountability and financial remedies are warranted."). First, Mr. Morin's objection fails to include any facts or evidence to support his claim that "additional accountability and financial remedies are warranted." This alone is a basis for overruling Mr. Morin's objection. *Ryder v. Wells Fargo Bank, N.A.*, No. 1:19-cv-638, 2022 WL 223570, at *2 (S.D. Ohio Jan. 25, 2022) (overruling an objection that individual payments in part because the objector "provided no evidence to support a higher payment."). Second, settlements are compromises. The $2.5 million non-reversionary common fund is adequate and represents a substantial recovery for the Class. As courts have consistently recognized, settlements are by their nature compromises. In *Abadilla v. Precigen, Inc.*, the court overruled an objection that the settlement amount was too low, noting that "a settlement generally requires a level of compromise under which litigants receive a certain recovery less than the full amount of their losses." No. 20-cv-6936, 2023 WL 7305053, at *13 (N.D. Cal. Nov. 6, 2023). Similarly, in *Free Range Content, Inc. v. Google, LLC*, the court observed that "every litigant hopes to recover the full amount of his losses, . . . the very nature of a settlement is that the parties must compromise and accept less than a full recovery, in exchange for no longer facing the

6

risk of losing on the merits and losing any chance of recovery." No. 14-cv-2329, 2019 WL 1299504, at *8 (N.D. Cal. Mar. 21, 2019). And in *In re FedEx Ground Package Sys., Inc., Emp. Pracs. Litig.*, the court noted that an objector claiming a settlement is too low "might be right, but that's the nature of settlements: if a settlement had to produce full compensation for everything a plaintiff lost, no defendant would settle. A settlement is, by its nature, a compromise." No. 3:05-MD-527, 2017 WL 1735578, at *3 (N.D. Ind. Apr. 28, 2017). This Settlement was reached after a long period of settlement negotiations where Plaintiffs were able to preserve the $2 million of insurance coverage Defendant had available and have Defendant commit to paying $500,000 in addition to insurance despite Defendant having limited financial resources. Third, Mr. Morin's financial harm appears to be that his wages were garnished through the separate debt collection proceeding that Defendant brought against him. This is unrelated to Data Incident and this class action. Fourth, Mr. Morin's complaint that further accountability is necessary falls flat because, in conjunction with the Settlement, Defendant has implemented comprehensive data security enhancements to potentially prevent future incidents. Accordingly, Mr. Morin's objection that the Settlement warrants additional accountability and financial remedies lacks merits. This Court hereby overrules Mr. Morin's objections in their entirety.

21. The Court approves the distribution and allocation of the Settlement Fund under the Settlement Agreement pursuant to the terms of the Settlement Agreement.

22. This Final Approval Order and Judgment, and all statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant Professional Finance Company, Inc. of any claim, any fact alleged in Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant Professional Finance Company, Inc. or of the

7

validity or certifiability for this Litigation or other litigation of any claims or class that have been, or could have been, asserted in the Litigation.

23. This Final Approval Order and Judgment, and all statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing by Defendant Professional Finance Company, Inc., or that Plaintiffs, any Class Member, or any other person has suffered any damage due to the Data Incident. Notwithstanding the above, the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Defendant Professional Finance Company, Inc., Class Counsel, or Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment.

24. The Settlement Agreement and Final Approval Order and Judgment shall not be construed or admissible as an admission by Defendant Professional Finance Company, Inc. that Plaintiffs' claims or any similar claims are suitable for class treatment.

25. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective

8

positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the parties' respective positions on the issue of class certification or any other issue). In such event, the parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as avoid prejudice to any Party and Party's counsel.

**IT IS SO ORDERED this \_\_\_ day of _____, 2025**

_____
Hon. Regina M. Rodriguez
United States District Judge

9